UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

**TED J. BATWINSKI**
**SHENAI L. BATWINSKI**
　　　　Debtors.

Case No. 17-22116-bhl
(Chapter 7)

## NOTICE OF ABANDONMENT

John M. Scaffidi, the Trustee in this case, intends to abandon the estate's interest in certain property, as described below, pursuant to 11 U.S.C. §554.

<u>Your rights may be affected</u>. **You should read these papers carefully and discuss them with your attorney, if you have one in the bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you object to the Trustee's intended abandonment, or if you want the Court to consider your views on the matter, then on or before  October 28, 2019, you or your attorney must:

1. File with the Court a written objection to the abandonment and a request for a hearing at:

   Clerk, U. S. Bankruptcy Court
   Room 126, Federal Courthouse
   517 E. Wisconsin Ave.
   Milwaukee, WI 53202

2. If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

John M. Scaffidi, Trustee
P.O. Box 11975
Milwaukee, WI  53211
Phone: (414) 963-9303
Fax:　(414) 963-1376
E-Mail: JMScaffidi@rsmlaw.com

1

INTNT ABAN (11/00) Form C1

3.    You must also mail a copy to:

> Office of the U. S. Trustee
> 517 E. Wisconsin Ave., Room 430
> Milwaukee, WI 53202

and to

> John M. Scaffidi, Trustee
> P.O. Box 11975
> Milwaukee, WI 53211

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Trustee's notice, and may enter an order granting that relief.

The Trustee intends to abandon the estate's interest in the following property for the reasons set forth:

### Property to be Abandoned for Other Reasons

The Trustee intends to abandon the following property, not because of exemptions, security interests or liens, but because the property is burdensome to the estate and of inconsequential value for the following reasons:    Debtor's personal injury tort claim against at-fault driver following auto accident

The debtor, Shenai L. Batwinski, was injured in an accident and has a claim against the at-fault driver and his insurance company. The claim is an asset that belongs to this bankruptcy estate. The debtor has $300,000 of underinsured motorist coverage to pay the difference between her total damages and the at-fault driver's policy limits of $50,000. The most this estate can recover from the other driver's insurance company is $50,000. As an example, if the debtor's case is worth $150,000, $50,000 would be paid by the insurance company for the at-fault driver and $100,000 will be paid by debtor's underinsured motorist carrier. These claims are assets in the bankruptcy estate.

The at-fault driver's insurance company has offered to pay its $50,000 policy limits in exchange for a full release of itself and it's insured. The underinsured motorist carrier has decided to allow the releases to be executed without affecting the underinsured motorist claim because it feels that it has little chance of collecting any money from the at-fault driver. Steps have been taken to determine collectability of the other driver, and it is believed there are

2

INTNT ABAN (11/00) Form C1

collectibility problems. If this offer is not acceptable, then the case would go to trial and there would be costs incurred for expert witnesses, etc., that could cost thousands of dollars and decrease the settlement by that amount.

A lawsuit has been started against the at-fault driver based on the driver's <u>negligence</u>. The claim against the underinsured motorist carrier is based on <u>contract</u>. That is a separate claim that will be decided in a separate lawsuit if the parties cannot reach an amicable settlement.

The counsel for this bankruptcy estate has recommended that, after accepting the $50,000 policy limit from the insurance company for the at-fault driver, the Trustee abandon any further claim against said at-fault driver. Said counsel advises that the bankruptcy estate will proceed with the claim against debtor's underinsured motorist carrier. Said counsel believes there is no risk in providing the necessary releases to both the at-fault driver and his insurance company upon receipt of the $50,000 policy limit amount.

The claim against the at-fault driver is being abandoned as burdensome and of inconsequential value to this estate.

Until the Trustee files his Statement of Abandonment, the Trustee reserves the right to withdraw from the proposed abandonment, should circumstances require. Requests for additional information should be directed to the Trustee.

Date: October 3 , 2019

John M. Scaffidi, Trustee

John M. Scaffidi, Trustee
P.O. Box 11975
Milwaukee, WI 53211
Phone: (414) 963-9303
Fax: (414) 963-1376
E-Mail: JMScaffidi@rsmlaw.com